DENNIS W. BLACKMON, as Limited Administrator of the Estate of SHELLEY D. WHEELER, Deceased, Respondent, v STRONG MEMORIAL HOSPITAL, Appellant. [735 NYS2d 702] —Order unanimously reversed on the law without costs, motion denied and verdict reinstated. Memorandum: Supreme Court erred in setting aside the jury's verdict of no cause for action where, as here, it is supported by a fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Plaintiff's only theory of liability at trial was that defendant failed to inform plaintiff's decedent in 1992 of all of the risks associated with

her treatment for chronic myelogenous leukemia (CML). Specifically, plaintiff alleged that defendant failed to inform decedent of the risk of contracting HIV or AIDS from the blood transfusions necessary for bone marrow transplantation, the treatment of choice for CML.

At trial, defendant produced no written disclosures specifically mentioning HIV or AIDS. However, defendant presented testimony that the verbal disclosures to decedent, which complemented its standard printed forms, would have included information about HIV because that was defendant's practice at that time. Although plaintiff presented expert testimony that disclosure of the risks of HIV and AIDS was required, defendant presented expert testimony that the standard of care in 1992 in disclosing potential risks of infection did not include disclosing the risks of HIV or AIDS, because such risks were too remote. Failure to advise a patient of remote risks does not constitute a departure from the required standard of care (*see, McElroy v Yousuf*, 268 AD2d 733, 736). In light of the conflicting medical testimony, it was for the jury to find whether disclosure of HIV-related risks and blood product collection alternatives was required and, if so, whether such disclosure was made (*see, Andreach v Mount Sinai Med. Ctr.*, 253 AD2d 397).

In addition, decedent had agreed to participate in an experimental course of post-transplant medication that she was told could increase her chances of survival after the transplant and transfusions. Plaintiff alleged that defendant violated Public Health Law § 2442 by failing to obtain decedent's written consent following explicit disclosure of the risks and benefits of that experimental treatment. We agree with defendant that where, as here, the experimental treatment was easily differentiated from the standard treatment for CML, Public Health Law § 2442 does not apply to the standard treatment rendered for CML. We therefore reverse the order, deny plaintiff's motion and reinstate the verdict. (Appeal from Order of Supreme Court, Monroe County, Polito, J.—Set Aside Verdict.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.